**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re ) | |
| WILLIAM A. SHEVCHENKO, ) | Chapter 13 |
| ) | Case No.: 20-19644 |
| Debtor, ) | |
| ) | |
| CLAIRE DINANNO, ) | |
| ) | |
| Movant. ) | |

**NOTICE OF MOTION FOR RELIEF FROM STAY**

TO:    DAVID M. SIEGEL, Esq.    SABA C. AZAM, Esq.
David M. Siegel & Associates    Meachum, Boyle, Trafman, Marek & Parker
davidsiegelbk@gmail.com    saba.azam@libertymutual.com

TOM VAUGHN, Esq.
chiweb@tvch13.net
55 E. Monroe St., Suite 3850
Chicago, IL 60603

ROBERT J. GRIMM, Esq.
Law Offices of Christina M. Tribbia
Robert.Grimm@farmersinsurance.com

    On DECEMBER 3, 2020 at 9:30 am or as soon thereafter as counsel may be heard, I shall appear before the Honorable DONALD R. CASSLING or any judge sitting in his stead, in the courtroom usually occupied by him in Room 619 of the Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois, ZOOM https://www.zoomgov.com MEETING ID: 161 414 7941; PASSCODE:619 and shall then and there present MOVANT'S MOTION TO RELIEF STAY, a copy of which is attached and served upon you.

                                          /s/Parag P. Bhosale
                                          Attorney for Movant

Parag P. Bhosale – ARDC #6277135
GARDI & HAUGHT, LTD.
939 N. Plum Grove Rd., Suite C
Schaumburg, IL 60173
847/944-9400 office
847-944-9401 fax
pbhosale@gardilaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on November 20 , 2020, he caused the foregoing to be filed with the court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the court's CM/ECF system.

/s/Parag P. Bhosale

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re ) | |
| WILLIAM A. SHEVCHENKO, ) | Chapter 13 |
| ) | Case No.: 20-bk-19644 |
| Debtor, ) | |
| ) | |
| CLAIRE DINANNO, ) | |
| ) | |
| Movant. ) | |

## MOTION FOR RELIEF FROM STAY OF PROCEEDINGS
## PURSUANT TO 11 U.S.C. § 362(d)

NOW COMES Movant, CLAIRE DINANNO, by her attorneys, GARDI & HAUGHT, LTD., and pursuant to 11 U.S.C. § 362(d), requests that this Court lift the stay of proceedings afforded by 11 U.S.C. § 362(a)(1), and in support thereof, states:

**I.    Background**

Movant CLAIRE DINANNO was injured on November 27, 2018 when she slipped and fell on ice on the Debtor's property. The property was jointly owned by the Debtor and his wife, Sharon Shevchenko. Movant filed suit against the Debtor and his wife on February 18, 2020 in the Circuit Court of Cook County Law Division. The matter is currently pending as *CLAIRE W. DINANNO vs. WILLIAM A. SHEVCHENKO and SHARON SHEVCHECKO*, 2020 L. 001937. See Ex. A, attached.

The Debtor's answers to written interrogatories confirmed that he had liability insurance coverage on the date of loss for $300,000.00 with Farmers Insurance Exchange, policy number 03158223195. See Ex. B, paragraph #9, attached.

Movant has provided a "Required Statement to Accompany this Motion." See Ex. C, attached.

**II.   Discussion**

Section 362(d) allows creditors such as Movant to seek relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982), quoting 11 U.S.C. § 362(d). Cause may also be the lack of "any connection with or interference with the pending bankruptcy case." *Elliott v. Hardison*, 25 B.R. 305, 308 (E.D.Va. 1982). Where no great prejudice to the bankruptcy estate or debtor will occur and the hardship to the plaintiff/party in interest outweighs the hardship that might be caused to the debtor by lifting the stay, the stay should be lifted. *In re McGraw*, 18 B.R. 140, 142 (Bankr. N.D. Wis. 1982). Where the civil action is not connected with and does not interfere with the bankruptcy proceeding, the automatic stay does not further the purposes of the bankruptcy code. *Holtkamp* at 508.

"Where the claim is one covered by insurance or indemnity, continuation of the (civil) action should be permitted since hardship to the debtor is likely to be outweighed by hardship to the plaintiff." *McGraw* at 142, citing 2 Collier on Bankruptcy § 362.07(3). Even where insurance does not pay for the costs of defense of a civil action, the equities may still weigh in favor of lifting the stay. *McGraw* at 142. "[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." *In re Fernstrom Storage and Van Co.*, 938 F.2d 731 (7th Cir. 1991). The presence of insurance allows the Bankruptcy Court to find that permitting the civil action to go forward would not jeopardize the bankruptcy estate because financial responsibility for the defense of the litigation would be borne by the insurance company. *Holtkamp* at 508-509. Another factor that the courts have considered in determining that the balance of hardships favors allowing the civil action to proceed is that this would allow the amount of the claim to be determined and liquidated. *In re Best Repair Co., Inc.*, 34 B.R. 664 (Bankr. E.D.Va. 1983); *Elliott v. Hardison*, 25 B.R. 305, 308 (E.D.Va. 1982)

In *Holtkamp*, the Seventh Circuit cited legislative history stating that "'[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.'" 699 F.2d at 508, quoting *In re Honosky*, 6 B.R. 667, 669 (S.D.W.Va. 1980) quoting S.Rep.No. 989, 95th Cong., 2d Sess. 50.

The *McGraw* Court held that "great prejudice" does not result where plaintiffs stipulate that they will not attempt to collect any judgment against the debtor proper. 15 B.R. at 142. Accordingly, movant stipulates that any judgment obtained in a civil action will not be enforced against the debtor or the debtor's estate outside of this bankruptcy proceeding, except for collection from the debtor's insurance carrier, if any. Modification of the stay to permit claimant to file a civil action against the debtor would therefore have no effect on the bankruptcy estate or the debtor and no "great prejudice" would result.

In the present case, the only purpose served by refusing to lift the automatic stay would be to protect the debtor's insurance carrier. "The Court is not convinced that the Bankruptcy Code was intended to bestow such a benefit upon insurance companies." *In re Honosky*, 6 B.R. 667, 669 (Bankr. S.D.W.Va. 1980).

The balance of hardships described in *Holtkamp* favors lifting the automatic stay in the present case. Allowing the claim to go forward would liquidate the claim in a forum better suited in determining the value of the claim, and the Movant's enforcement of any resulting judgment would be against the insurer only.

**III.    Conclusion**

Movant prays that this Court enter an Order lifting the automatic stay to allow Movant CLAIRE DINANNO to proceed in her cause against the Debtor WILLIAM A. SHEVECHENKO on the condition that no judgment that may result may be enforced against the debtor or the debtor's

estate except for any liability insurance policy applicable to the claim and in this bankruptcy proceeding.

                Respectfully submitted,

                /s/Parag P. Bhosale
                Attorney for Movant

Parag P. Bhosale – ARDC #6277135
GARDI & HAUGHT, LTD.
939 N. Plum Grove Rd., Suite C
Schaumburg, IL 60173
847/944-9400 office
847-944-9401 fax
pbhosale@gardilaw.com